E-FILED
Wednesday, 01 July, 2015 01:27:31 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| John Hill,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Portfolio Recovery Associates, L.L.C.; and DOES 1-10, inclusive,<br><br>　　　　　Defendant. | Civil Action No.: 4:15-cv-4074<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, John Hill, by undersigned counsel, states as follows:

## JURISDICTION

1.  This action arises out of the Defendants' repeated violations of, *inter alia,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Plaintiff resides in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.  The Plaintiff, John Hill ("Plaintiff"), is an adult individual residing in Kewanee, Illinois, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.  The Defendant, Portfolio Recovery Associates, L.L.C. ("Portfolio"), is a Virginia business entity with an address of 120 Corporate Boulevard, Norfolk, Virginia 23502, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.  Does 1-10 (the "Collectors") are individual collectors employed by Portfolio and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. Portfolio at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

7. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Portfolio for collection, or Portfolio was employed by the Creditor to collect the Debt.

10. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Portfolio Engages in Harassment and Abusive Tactics**

## FACTS

11. Within the last year, Portfolio contacted Plaintiff in an attempt to collect the Debt.

12. Plaintiff informed Portfolio in no uncertain terms that the Debt would not be repaid.

13. Portfolio continued calling Plaintiff knowing that the collection activity would not result in repayment of the Debt.

14. Moreover, on July 1, 2014, Portfolio called Plaintiff at 6:53AM.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Portfolio contacted Plaintiff before 8:00 a.m., in violation of 15 U.S.C. § 1692c(a)(1).

17. Portfolio's conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

18. Portfolio's conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass.

19. Portfolio's conduct violated 15 U.S.C. § 1692f in that Portfolio used unfair and unconscionable means to collect a debt.

20. The foregoing acts and omissions of Portfolio constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

21. Plaintiff is entitled to damages as a result of Portfolio's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against Portfolio as follows:

1. Against the named Defendants, jointly and severally, awarding the Plaintiff actual damages;

2. Against each of the named the Defendants, awarding the Plaintiff statutory damages;

3. Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees ;

4. Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

   5. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 1, 2015

                                          Respectfully submitted,

                                          By   /s/ Sergei Lemberg

                                          Sergei Lemberg, Esq.
                                          LEMBERG LAW, LLC
                                          1100 Summer Street, 3rd Floor
                                          Stamford, CT 06905
                                          Telephone: (203) 653-2250
                                          Facsimile:  (203) 653-3424
                                          Attorney for Plaintiff